By the Court :
At the common law, this paper was not assignable; neithor is it assignable under our statute. The plaintiff admits this; but claims to recover, on the ground, that being made payable to bearer, any person, who is the actual bona fide owner, may maintain the action as bearer. Were it a note for money, this position would be a correct one. But that doctrine has never been applied to executory contracts for the delivery of property, or for the performance of any particular act.
The case of Geddings v. Byington, decided upon the circuit, at Ashtabula, 2 Ohio, 228, is supposed to have settled this doctrine differently. This inference is deduced, not from the point decided, but from some remarks of the judge in giving the opinion. These were only intended to apply to a note for the payment of money, made payable to a payee or bearer. It- was only to that point that the attention of the court was directed in argument. The negotiable character of the note was not made a subject of inquiry by either party. The plaintiff in error claimed a reversal, on the ground that the right of the original payee did not appear, by the declaration, to have passed to the holder, by assignment, delivery, *46 or otherwise, and that ground being considered sufficient for the purpose, the judgment was ^reversed without further examination. In this case, the direct question is presented, whether such a contract as this can be so transferred as to authorize a third person to maintain a suit in his own name. Our unanimous opinion is, that no such right can be transferred. The judgment must be reversed, and judgment be given for the defendant.